942 So.2d 55 (2006)
Dwayne HALEY
v.
Cheryl G. LEARY.
No. 2006-CA-0788.
Court of Appeal of Louisiana, Fourth Circuit.
October 4, 2006.
Rehearing Denied October 31, 2006.
*56 Dwayne Haley, Gretna, LA, In Proper Person, Plaintiff/Appellant.
Cheryl Prestenback Buchert, Metairie, LA, for Defendant/Appellee.
(Court composed of Judge CHARLES R. JONES, Judge DAVID S. GORBATY, Judge EDWIN A. LOMBARD).
EDWIN A. LOMBARD, Judge.
Plaintiff/appellant, Dwayne Haley, appeals from the judgment rendered by the trial court in court on February 24, 2006, in favor of defendant/appellee, Cheryl G. Leary. After review of the record in light of the applicable law and arguments of the parties, we affirm the judgment of the trial court.
Relevant Facts and Procedural History
Mr. Haley and Ms. Leary, the parents of a young daughter, Ahnia Nadriel Leary-Haley, never married but on December 22, 2004, the couple signed a consent judgment which provided interim sole custody to Ms. Leary and ordered Mr. Haley to complete a co-parenting class and to follow-up with the court-appointed evaluator and anger management instructor before joint custody would be restored.
On February 24, 2006, the trial court heard motions filed by both parties, including Mr. Haley's motion for contempt regarding visitation and Ms. Leary's motion for contempt regarding child support, motion for sole custody due to Mr. Haley's failure to complete the requirements of the consent judgment, and a notice of relocation. Ms. Haley was represented by attorney Cheryl buchert. After taking testimony from the parties, the trial court issued the following rulings: (1) Mr. Haley's motion for contempt against Ms. Leary regarding visitation was denied; (2) Ms. Leary's motion for contempt against Mr. Haley for nonpayment of child support was denied; (3) Mr. Haley was ordered to pay $71.50 in back child support; (4) Mr. Haley was ordered to pay $20.00 in sheriff's costs; and (5) Ms. Leary's request for sole custody was deferred pending information from the court-appointed custody evaluator to determine whether Mr. Haley complied with a prior court order regarding anger management and co-parenting classes. A judgment reflecting the trial court's ruling was signed on March 8, 2006.
The record also reflects that on the day before trial, Mr. Haley filed a motion entitled "Motion to Strike Silly, Frivolous Pleading From the Record and Contempt of Court as to Attorney Cheryl Buchert With Memorandum in Support."[1] Mr. Haley sought to strike Ms. Leary's motion for contempt because, as he claimed, the allegations against him were false. Mr. Haley also sought to have Ms. Leary's attorney held in contempt of court for her participation in the matter. The transcript reflects that Mr. Haley's motion was denied as frivolous from the bench. Furthermore, the trial court began to instruct Ms. Buchert to include the denial of the motion in the judgment that Ms. Buchert was to prepare. However, it is evident that the trial court changed its directive, explaining that the denial would instead be inscribed on the face of the original motion and order contained in the record. The record reflects that the trial court wrote and initialed the words: "DENIED summarily as frivolous" on the original order attached to Mr. Haley's motion. It is this judgment that Mr. Haley now appeals.
Standard of Review
Appellate courts review the trial court's findings of fact under a "manifest *57 error" or "clearly wrong" standard. Rosell v. ESCO, 549 So.2d 840, 844 (La.1989). The Louisiana Supreme Court created a two prong test for overturning the factfinder's decisions, which includes: 1) finding the trial court's rulings have no reasonable factual basis and 2) the record indicates that the trial court's findings are wrong (manifestly erroneous). Mart v. Hill, 505 So.2d 1120, 1127 (La.1987). The appellate court must determine, after reviewing the entire record, if the trial court's decision was clearly wrong or reasonable. Stobart v. State, Through Dept. of Transp. and Dev., 617 So.2d 880, 882 (La.1993). The trial court's legal findings are reviewed under the de novo standard. Balseiro v. Castaneda-Zuniga, 04-2038, p. 6 (La.App. 4 Cir. 8/17/05), 916 So.2d 1149, 1153. "A legal error occurs when a trial court applies the incorrect principles of law and such errors are prejudicial." Banks v. New Orleans Police Dep't, 01-0859, p. 3 (La.App. 4 Cir. 9/25/2002), 829 So.2d 511, 514.
Discussion
On appeal, Mr. Haley argues that the trial court erred in signing an incomplete judgment that failed to contain language concerning the denial of his motion to strike. Curiously, Mr. Haley does not argue that the denial of his motion was in error. Rather, he only finds error in the fact that the denial of his motion was not included in the text of the judgment prepared by Ms. Buchert. Mr. Haley submits that the judgment should be "annulled" because it was rendered through some improper practice or procedure. In support of this argument, Mr. Haley cites La.Code Civ. Proc. art. 2004, which provides that a final judgment obtained by fraud or ill practice may be annulled. We note, however, that Mr. Haley does not identify the fraud or ill practice of which he complains. Nevertheless, it is clear that Article 2004 pertains specifically to an action for nullity and is not applicable to this appeal.
Ms. Leary counters that there was no need for the judgment to state that Mr. Haley's motion to strike was denied because the trial court ruled from the bench and documented the ruling on the face of the motion and order. We agree.
Conclusion
After our thorough review of the record, we find no error in the trial court's factual or legal findings. Considering the fact that the trial court denied Mr. Haley's motion from the bench and inscribed said ruling on the face of the original motion and order, we cannot say that the trial court erred in failing to include the denial of the motion in the written judgment rendered on March 8, 2006.
AFFIRMED.
NOTES
[1] Ms. Leary was not served with the motion.